UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRENDA AKERS** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-2522** |
| **CERTAIN UNDERWRITERS AT LLOYDS, LONDON** | **SECTION I** |

### ORDER & REASONS

Before the Court is a motion[1] to dismiss the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), filed by defendant Certain Underwriters at Lloyd's London Subscribing to Policy No. VBRT729073 ("defendant" or "Lloyd's"). Defendant argues that the case should be dismissed because plaintiff Brenda Akers ("plaintiff") has not sufficiently alleged the diversity of the parties or the amount in controversy to establish the Court's subject matter jurisdiction.[2] Plaintiff opposes the motion.[3] For the reasons set forth below, the Court grants the motion to dismiss.

### I. BACKGROUND

This matter arises from property damage to plaintiff's property caused by Hurricane Ida.[4] Plaintiff alleges that Lloyd's failed to timely and adequately tender payment under an insurance policy that she procured from Lloyd's.[5] Plaintiff filed a complaint in this Court, asserting that there was diversity jurisdiction pursuant to

---

[1] R. Doc. No. 9.
[2] *See generally id.*
[3] R. Doc. No. 12.
[4] *See generally* R. Doc. No. 1.
[5] *Id.* at 3, ¶ 12.

1

28 U.S.C. § 1332.[6] Defendant alleges that this Court does not have subject matter jurisdiction because plaintiff failed to establish the diversity of the parties and the requisite amount in controversy.[7]

## II. STANDARD OF LAW

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Pursuant to Federal Rule of Civil Procedure 12(b)(1), "a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *Id.* (quotation omitted). Courts are to consider a Rule 12(b)(1) jurisdictional argument before addressing any other arguments on the merits. *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

"An attack upon a complaint under Rule 12(b)(1) can be either facial or factual." *Gloston v. Dep't of Homeland Sec.*, No. CIV.A. 13-6471, 2014 WL 1660630, at *1 (E.D. La. Apr. 25, 2014) (Feldman, J.) (citing *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir.1981)). "A defendant makes a facial attack upon a complaint when the defendant does nothing more than file the motion." *Id.* "A defendant makes a factual attack upon a complaint when a defendant 'submits affidavits, testimony, or other evidentiary materials.'" *Id.*

---

[6] *Id.* at 2, ¶ 4.
[7] R. Doc. No. 9.

"If the defendant presents a 'facial attack' under Rule 12(b)(1), the Court need only look to the sufficiency of the allegations in the complaint, presumed to be true. If, on the other hand, the defendants advance a 'factual attack' on the Court's subject matter jurisdiction, both sides may submit evidence to consider." *Galan v. Deepwater Horizon Med. Benefits Settlement Claims Adm'r*, No. CV 21-109, 2021 WL 4774895, at *1 (E.D. La. Oct. 13, 2021) (Feldman, J.). Therefore, a court may dismiss an action for lack of subject matter jurisdiction "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 (5th Cir. 2009)); *see also Galan*, No. CV 21-109, 2021 WL 4774895, at *1.

"The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming*, 281 F.3d at 161. If a court determines that it does not have subject matter jurisdiction over an action, the action is dismissed without prejudice. *See, e.g.*, *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### III. ANALYSIS

In this matter, plaintiff asserted subject matter jurisdiction based on diversity of citizenship.[8] Diversity jurisdiction requires complete diversity of citizenship of the named parties and an amount in controversy in excess of $75,000, exclusive of

---

[8] R. Doc. No. 1 at 2, ¶ 4.

interest and costs. 28 U.S.C. § 1332. Defendant's motion is a factual attack because it is accompanied by evidentiary materials, *ie.* the insurance policy, and it attacks the allegations in the complaint. *See Galan*, No. CV 21-109, 2021 WL 4774895, at *1. Because plaintiff asserts federal subject matter jurisdiction exists, plaintiff bears the burden of proof. *See Ramming*, 281 F.3d at 161.

As the U.S. Fifth Circuit Court of Appeals has made clear, Lloyd's is "not an insurance company but rather a self-regulating entity which operates and controls an insurance market." *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). "The members or investors who collectively make up Lloyd's are called 'Names' and they are the individuals and corporations who finance the insurance market and ultimately insure risks." *Id.* at 858. "Names are underwriters of Lloyd's insurance and they invest in a percentage of the policy risk in the hope of making return on their investment." *Id.* "Each Name is exposed to unlimited personal liability for his proportionate share of the loss on a particular policy that the Name has subscribed to as an underwriter . . . Typically hundreds of Names will subscribe to a single policy[.]" *Id.*

"In order to increase the efficiency of underwriting risks, a group of Names will, for a given operating year, form a 'Syndicate' which will in turn subscribe to policies on behalf of all Names in the Syndicate." *Corfield*, 355 F.3d at 858. A Syndicate is "a creature of administrative convenience through which individual investors can subscribe to a Lloyd's policy[,]" but it "bears no liability for the risk on a Lloyd's policy." *Id.* Instead, all liability is borne "by the individual Names who

4

belong to the various Syndicates that have subscribed to a policy." *Id*. "In sum, while an insured receives a Lloyd's 'policy' of insurance, what he has in fact received are numerous contractual commitments from each Name who has agreed to subscribe to the risk. The Names are jointly and severally obligated to the insured for the percentage of the risk each has agreed to assume." *Id.* at 859.

U.S. District Courts within the Fifth Circuit have held that, when asserting claims against Names, the party asserting federal jurisdiction must plead the jurisdictional minimum with respect to each Name. *See e.g.*, *Green Coast Enterprises, LLC v. Certain Underwriters at Lloyd's*, No. CV 22-973, 2022 WL 2208206 (E.D. La. June 21, 2022) (Africk, J.) ("In general. . .with respect to each Lloyd's member name subscribing to the policy, the defendants must establish that the amount in controversy is met."); *Rips, LLC v. Underwriters at Lloyd's London*, No. CIV.A. 14-1969, 2015 WL 2452339, at *3 (E.D. La. May 21, 2015) (Berrigan, J.) ("[T]he Court finds that Seafood Heaven may not aggregate its claims against individual Names, and therefore must plead that the $75,000 jurisdictional amount is met for *each* Name."); *Advanced Sleep Ctr., Inc. v. Certain Underwriters at Lloyd's London*, No. CIV.A. 14-592, 2015 WL 4097069 (E.D. La. July 7, 2015) (Morgan J.) ("[T]he amount-in-controversy requirement must be met as to each Name."); *Lewis v. Underwriters at Lloyd's of London*, No. 6:19-CV-00895, 2020 WL 13562871, at *6 (W.D. La. May 4, 2020) ("[J]urisprudence in this circuit holds that the amount in controversy must be established as to each Name subscribing to a Lloyd's of London policy.").

"It is well established that a single plaintiff suing multiple, severally liable defendants in federal court may not aggregate the amounts in controversy against each defendant in order to satisfy the statutory minimum." *Cronin v. State Farm Lloyds*, No. CIV.A.H-08-1983, 2008 WL 4649653, at *5 (S.D. Tex. Oct. 10, 2008) (citing *Davis v. Schwartz*, 15 S.Ct. 237, 242 (1895)). "Nor can the court exercise supplemental jurisdiction over defendants if the claims against them do not meet the minimum amount in controversy." *Id.* (noting that 28 U.S.C. § 1367(b) excludes from the scope of supplemental jurisdiction claims against defendants made parties under Federal Rule of Civil Procedure 14, 19, 20, or 24.).[9] "[T]he fact that the several liability of the Names derives from a single insurance policy does not alter the jurisdictional analysis." *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.,* 160 F.3d 925, 933 (2d Cir. 1998) (*citing Motorists Mut. Ins. Co. v. Simpson*, 404 F.2d 511, 513 (7th Cir.1968)).

In the present action, plaintiff only alleges that she meets the jurisdictional amount for one Name, BRT 2987.[10] As mentioned previously, the claims against the Names are joint and several. *See Corfield*, 355 F.3d at 858. Accordingly, plaintiff must allege the amount in controversy exceeds $75,000 with respect to each Name to establish this Court's jurisdiction.[11] Because plaintiff has not sufficiently alleged the

---

[9] Because the claims against Names are joint and several, the Names are joined as co-defendants pursuant to Federal Rule of Civil Procedure 20(a)(2)(A). Accordingly, 28 U.S.C. § 1367(b) excludes these claims from supplemental jurisdiction. *See Cronin*, No. CIV.A.H-08-1983, 2008 WL 4649653, at *5.

[10] R. Doc. No. 12, at 8.

[11] *Id.*

jurisdictional amount as to each Name, the complaint is dismissed without prejudice. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).[12]

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion is **GRANTED**. The above-captioned matter is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, November 20, 2023.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[12] Because plaintiff has not established the requisite amount in controversy, the Court need not address whether plaintiff has established the diversity of parties because both the amount in controversy and the diversity of citizenship requirements must be satisfied for this Court to have jurisdiction. *See* 28 U.S.C. § 1332.